COMMONWEALTH *vs.* A MAN WHOSE NAME IS UNKNOWN.

The misrecital of the title of a public statute, so as to make it senseless, in a complaint charging an act to have been done in violation thereof, and not otherwise showing that the act was illegal, is a fatal defect.

A COMPLAINT by a constable of Milford to the police court of Milford averred that "a certain person, a man whose name to your complainant is unknown, but who is now in the custody of the complainant," on the 5th of February 1856 at Milford did convey from place to place in the Commonwealth intoxicating liquor, with the intent to sell the same in this commonwealth, "in violation of an act passed the twentieth day of April in the year of our Lord one thousand eight hundred and fifty five, entitled an act concerning the manufacture and sale of *spritious* and *intoxitating* liquor;" and being found by the complainant in the act of illegally transporting, distributing and selling intoxicating liquor "in the manner and form aforesaid,' without legal authority, was arrested by the complainant, acting as such constable, "by virtue of the provisions of this act," and was still detained by him in a safe place until a warrant could be procured on complaint made for his trial.

The defendant, being convicted before the police court, and again in the court of common pleas, moved in arrest of judgment, "because there is no sufficient designation or description of the defendant by name or otherwise;" and "because said complaint does not charge the violation of any statute of this commonwealth, substantially in accordance with the requirements of law." *Mellen,* C. J. overruled the motion, and the defendant excepted.

*G. F. Verry,* for the defendant, did not argue the first ground of the motion; but argued that the complaint was fatally defective, by reason of misreciting, in such a manner as to make it senseless, the act alleged to have been violated, and which it undertook, though unnecessarily, to recite; 1 Chit. Pl. (6th Amer. ed.) 246; 6 Dane Ab. 530, 588, 601; *Vander Plunken* v. *Griffith,* Cro. Eliz. 236; *Say & Seal* v. *Stephens,* Cro. Car. 135

*Murray* v. *Fitzpatrick*, 3 Caines, 38; and that if such misre-cital should be rejected, it would leave no allegation of any offence.

*J. H. Clifford*, (Attorney General,) cited *Rex* v. ——, Russ. & Ry. 489, to the point that the defendant was sufficiently desig-nated; and contended that the complaint might be sustained as a complaint on *St.* 1855, *c.* 215, §§ 13, 25.

But THE COURT ordered　　　　　*Judgment to be arrested.*